**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**ISIAH TAYLOR,**

        Petitioner,

v.                                **CIVIL ACTION NO. 5:22-CV-167**
                                            Judge Bailey

**(WARDEN) MR. R.M. WOLFE,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On July 7, 2022, the *pro se* petitioner, Isiah Taylor ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On August 2, 2022, petitioner paid the $5 filing fee. [Doc. 11]. Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the legality of his conviction from the United States District Court for the Northern District of Ohio. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed with prejudice.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER. See **United States v. Taylor**, 4:11-CR-501-JG-1 (N.D. Oh. 2012. **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

### A. Conviction and Sentence

On December 20, 2011, petitioner was charged in a superseding indictment with conspiracy to commit Hobbs Act robbery; three counts of aiding and abetting Hobbs Act robbery; and using a firearm during a crime of violence. Following a jury trial, petitioner was found guilty on all counts on February 17, 2012. On April 10, 2012, petitioner was sentenced to 126 months on the counts for conspiracy to commit and aiding and abetting Hobbs Act robbery, and 84 months on count 3, use of a firearm during a crime of violence, with the 126 month term of imprisonment to run consecutive to the 84 month term. The petitioner's current **projected** release date, via good conduct time, is October 1, 2026.

### B. Direct Appeal

On April 18, 2012, petitioner filed a Notice of Appeal. On appeal, he argued that the district court's sentence was procedurally unreasonable because it improperly calculated his offense level and violated his Sixth Amendment rights considering overt acts of the Hobbs Act conspiracy which had not been proven beyond a reasonable doubt to a jury; that the sentence was substantively unreasonable because the district court arbitrarily selected an offense level without adequate explanation; and that there was insufficient evidence to support his convictions. The Sixth Circuit affirmed the conviction and sentence.

### C. § 2255

On February 6, 2014, petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255. Because the petition

---

.

2

exceeded the page limit of the Northern District of Ohio's Local Rules, the petition was stricken and petitioner was instructed to refile an amended petition. Petitioner argued that the trial court failed to present elements to the jury, that his due process rights were violated by the introduction of evidence at trial from a warrantless search, that the government failed to reconvene a grand jury to disclose false testimony, and that he received ineffective assistance of counsel. The district court denied the petition and no certificate of appealability was issued. The Sixth Circuit affirmed the judgment. On October 4, 2016, the Sixth Circuit granted a motion for an order authorizing the district court to consider a second or successive motion under 28 U.S.C. § 2255. In his second § 2255 motion, petitioner sought to challenge his sentencing as a career offender under the Sentencing Guidelines; the court denied the petition on March 20, 2017, and the Sixth Circuit denied a certificate of appealability. Between 2017 and 2022, the Sixth Circuit denied five more motions by petitioner for permission to file a successive § 2255 petitions.

### D. Petitioner's Claims

In the instant petition, petitioner asserts four grounds for relief. First, that his arrest was invalid: petitioner contends that he was implicated by co-defendants, and that police arrested him on a false parole violation once they failed to discover anything linking him to the robbery. Second, that his Fourth Amendment rights were violated by viewing the contents of his cell phone. Third, that the trial court overlooked problems with the evidence derived from the search of the cell phone. Finally, he challenges the use of testimony by a co-defendant.

### III.    LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a pro se litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### IV. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of

conviction. **Rice v. Rivera**, 617 F.3d 802, 807 (4th Cir. 2000); **In re Vial**. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law" has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." **Anderson v. Pettiford**, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. **In re Vial**, 115 F.3d at 1194, n.5; **In re Jones**, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is

beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. *Id*.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[2] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his **conviction** or the legality of his **sentence**. *See* ***United States v. Wheeler***, 886 F.3d 415, 428 (4th Cir. 2018); ***In re Jones***, 226 F.3d 328, 333–34 (4th Cir. 2000). Where, as here, a petitioner is challenging the legality of his **conviction**, § 2255 is deemed to be "inadequate or ineffective" only when all **three** of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

***In re Jones***, 226 F.3d at 333–34.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the ***Jones*** test for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See* ***Wheeler***, 886 F.3d at 423–26.

---

[2] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

Despite the title he affixes to his petition, petitioner unequivocally challenges the validity of his conviction and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Although petitioner does not explicitly raise the savings clause, it is clear petitioner is not entitled to its application. Because the petitioner challenges the legality of his conviction, he must meet the **Jones** test in order to bring his challenge under § 2241. Even if petitioner satisfied the first and third elements of **Jones**, the crimes for which petitioner was convicted all remain criminal offenses. Accordingly, petitioner is unable to show that § 2255 is an inadequate or ineffective remedy.

Because petitioner cannot satisfy the savings clause of § 2255(e) under **Jones**, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." **Steel Co. v. Citizens for a Better Env't**, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); **Reinbold v. Evers**, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten

(10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  September 19, 2022.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE